DISTRICT COURT OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MAURICE BRANTLEY,

Defendant.

PETTY OFFENSE NO. 24-00010

**ORDER**
Dismissing Case and Refunding Payment

On January 24, 2024, the above Defendant was given citation E2129377, charging him with "Disobey[ing] Stop Sign" while on Andersen Air Force Base, in violation of "T16 GCA 3334."[1] Citation, ECF No. 1.

On May 21, 2024, this case came before the court, but the Defendant was not present. *See* Mins., ECF No. 3. Assistant Federal Public Defender Briana Kottke moved to dismiss the citation and argued that dismissal was warranted because it did not include a reference to the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. The court took the matter under advisement.

On June 15, 2024, before the court could issue a written decision, the Defendant paid the full amount of the citation – $110.00 – directly to the Central Violations Bureau ("CVB"). *See* ECF No. 5. Notwithstanding said payment, the court believes it is in the best interest of justice to issue a decision on the matter and to refund the Defendant's payment.

**DISCUSSION**

In 2013, Guam Public Law 32-27 repealed and reenacted Guam's vehicle code, reducing the

---

[1] The court interprets the officer's writing as a reference to Title 16, Guam Code Annotated, Section 3334, which is part of Guam's vehicle code.

punishment for traffic offenses, with a few exceptions, from petty misdemeanors to civil violations. Guam Pub. L. 32-27 (2013). In light of Guam's enactment of Public Law 32-27 decriminalizing most traffic offenses, it would be improper for the instant citation to include a reference to 18 U.S.C. § 13. Since a Guam traffic code violation is not criminal, it cannot be assimilated. *See United States v. Carlson*, 900 F.2d 1346 (9th Cir. 1990) (holding that a violation of Hawaii's speeding statute was not a criminal offense that could be assimilated under the ACA). Thus, to the extent that dismissal was sought because the citation did not contain a reference to the ACA, the request to dismiss is denied.

Instead of the Assimilative Crimes Act, Guam's traffic laws have been expressly adopted and made applicable on the island's military installations pursuant to regulation. *See* 32 C.F.R. § 210.3(b) ("All persons on a military installation shall comply with the vehicular and pedestrian traffic laws of the state in which the installation is located."). The regulation also requires that notice be posed "in an appropriate place on the DoD installation."[2] 32 C.F.R. § 210.3(e). Any person violating any such vehicular or pedestrian traffic law made applicable to the military installation "is subject to a fine of not more than $50 or imprisonment for not more than 30 days, or both, for each violation." 32 C.F.R. § 210.3(d).

Here, the citation on its face only referenced Guam law and contained no reference to the federal regulation that adopted Guam's traffic laws. The Defendant was given no notice that his alleged violation of Guam law subjected him to criminal penalties under federal law (including up to 30 days in jail), instead of the usual administrative penalties under Guam law. "The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." *United States v. Deng*, 537 F. Supp.2d 1116, 1123 (2008) (quoting "*Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir. 2007)). Consistent with *Deng*, the citation must be dismissed because it violates the

---

[2] On November 30, 2021, the required notices were posted on the Andersen Air Force Base "Visitor Control Center, North Gate, and Arc Light (Main) [G]ate that is accessible to persons accessing" the installation. *See* Ex. 1 (Aff. Dayne M. Foote) to Response to Order to Show Cause, ECF No. 9-1 in *United States v. Carrasco*, Petty Offense Case No. 21-00098.

Defendant's Sixth Amendment right to have sufficient notice of the charge against him. *Id.* at 1124 ("Where the citation itself cites a state civil penalty law only, the court finds that actual notice is necessary to meet the requirements of the Sixth Amendment.").

## CONCLUSION

Accordingly, the court dismisses the citation and this case. The court orders the $110.00 paid by the Defendant directly to CVB shall be refunded in its entirety.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Jun 19, 2024